UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JAMIL REHMAN, M.D.                                           :

                 Plaintiff,                              :

    - against -                                            :        CV 08-326

                                                   :        (ADS)(MLO)

THE STATE UNIVERSITY OF NEW YORK AT STONY BROOK;
STONY BROOK UNIVERSITY; STONY BROOK UNIVERSITY  :
SCHOOL OF MEDICINE; STONY BROOK UNIVERSITY
MEDICAL CENTER; SHIRLEY STRUM KENNY, Ph.D.,       :
individually and in her official capacity as President of the State
University of New York at Stony Brook; RICHARD FINE, M.D.,    :
individually and in his official capacity as Dean of the School of
Medicine at SUNY Stony Brook; and WAYNE WALTZER, M.D.,   :
individually and in his official capacity as Chair of the Department
of Urology at the State University of New York at Stony Brook,    :

                 Defendants.

_____


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT


ANDREW M. CUOMO
Attorney General of the State of New York
200 Old Country Road, Suite 460
Mineola, New York 11501
(516) 248-3317
Attorney for Defendants


TONI E. LOGUE
Assistant Attorney General
Of Counsel

<u>TABLE OF CONTENTS</u>

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

DOCUMENTS REFERRED TO IN THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I        THE MATERIAL THE COURT MAY CONSIDER  . . . . . . . . . . . . . . . . . . 7

II.      THE SIXTH CAUSE OF ACTION ALLEGING
         AGE DISCRIMINATION SHOULD BE DISMISSED . . . . . . . . . . . . . . . . 7

         A.      Plaintiff's Claims under the ADEA
                 Must Be Dismissed in Their Entirety . . . . . . . . . . . . . . . . . . . . . . . 7

         B.      The Complaint Does Not State a Claim
                 Pursuant to New York Executive Law §296(1)(a) . . . . . . . . . . . . . 8

III.     CLAIMS PURSUANT TO TITLE VII PRIOR TO
         JUNE 16, 2006 AND PURSUANT TO NEW YORK
         EXECUTIVE LAW §§290, <i>ET SEQ.</i>, PRIOR TO
         JANUARY 28, 2005 ARE BARRED BY THE
         STATUTE OF LIMITATIONS  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

IV.      PLAINTIFF FAILS TO STATE A VIABLE CAUSE OF
         ACTION PURSUANT TO TITLE VII

         A.      Plaintiff Fails to State a Title VII
                 Action as Against the Individual Defendants . . . . . . . . . . . . . . . . 10

         B.      Plaintiff Fails to State a Title VII
                 Action as Against the SUNY School Of Medicine . . . . . . . . . . . 10

         C.      Plaintiff Fails to State a Title VII Action for Retaliation  . . . . . . . . 11

V.       THE CLAIMS PURSUANT TO 42 U.S.C. § 1981
         AND 1983 ARE BARRED BY THE ELEVENTH
         AMENDMENT AS AGAINST THE STATE ENTITIES
         AND THE INDIVIDUAL DEFENDANTS SUED IN
         THEIR OFFICIAL CAPACITIES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

VI.     LIKEWISE, THE NINTH AND TENTH CAUSES OF
        ACTION ASSERTED UNDER 42 U.S.C.§§ 1981
        AND 1983 AS AGAINST THE INDIVIDUAL
        DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES
        FAIL TO STATE A CLAIM UPON WHICH RELIEF
        MAY BE GRANTED  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

        A.     42 U.S.C.§ 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

        B.     42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

               1.     The Ninth Cause of Action Alleging a
                      First Amendment Violation Should be Dismissed  . . . . . .  15
               2.     The Tenth Cause of Action Alleging a
                      Due Process Violation Should be Dismissed . . . . . . . . . .  16

VII.    PLAINTIFF'S STATE LAW
        CLAIMS SHOULD BE DISMISSED AS WELL17

        A.     New York Executive Law §296(a)(1)  . . . . . . . . . . . . . . . . . . . . .  18

        B.     The Fourth Cause of Action fails to
               State a Claim upon which Relief Can be Granted  . . . . . . . . . . .18

        C.     Breach of Contract Including
               Covenant of Good Faith and Fair Dealing  . . . . . . . . . . . . . . . .  19

        D.     Waste . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

## INTRODUCTION

Defendants State University of New York at Stony Brook, Stony Brook University ("SUNY at Stony Brook") Stony Brook University, School of Medicine ("Medical School"), Stony Brook University Medical Center ("Hospital")[collectively "State entities"], Shirley Strum Kenny, Ph.D., Richard Fine and Wayne Waltzer, by their attorney, ANDREW M. CUOMO, Attorney General of the State of New York, submit this memorandum of law in support of their Rule 12(b)(1) and 12(b)(6) to partially dismiss the Complaint.

## PRELIMINARY STATEMENT

This is an employment discrimination case alleging discrimination based upon age (51), race/national origin (Pakistani), religion (Muslim) and retaliation.  Plaintiff is a Assistant Professor at the Stony Brook University Medical Center on a year to year contract basis and was informed by letter dated April 4, 2007, more than twelve months prior, that his contract would not be renewed after April 9, 2008.

Defendants State University of New York at Stony Brook, Stony Brook University; Stony Brook University, School of Medicine, Stony Brook University Medical Center; Shirley Strum Kenny, Ph.D., Richard Fine and Wayne Waltzer respectfully request this Court to grant their motion to dismiss as follows:

1) dismissing the First and Third Causes of Action as against defendants Kenny, Fine and Waltzer;

2) dismissing the Fifth Cause of Action regarding the allegation of discrimination based on religion;

3) dismissing the Fifth, Seven, Ninth and Tenth Causes of Action as against defendants Kenny, Fine and Waltzer in their official capacities;

4) dismissing the Fifth, Sixth, Seven, Nine and Ten Causes of Action as against SUNY at Stony Brook, the Medical School and the Hospital;

5) dismissing the Sixth, Nine, Ten, Eleventh and Twelfth Causes of Action as against all defendants.

## THE COMPLAINT

Plaintiff filed his complaint on January 23, 2008.  Therein, he seeks compensatory damages from the defendants, including damages for "pain and suffering, emotional distress and mental anguish, embarrassment, indignity and dislocation", and punitive damages against the individual defendants, and attorneys' fees, for alleged discrimination based on age, religion, race, color and/or ethnic origin in violation of 42 U.S.C. §§ 2000, et seq. (Title VII), 42 U.S.C. §§ 1981, 1983 and 1985, 29 U.S.C. §621, et seq. (ADEA), New York Executive Law §§ 290, et seq., and other state law claims.

Plaintiff alleges that he is a 51 year old male [Complaint at ¶ 8], and that he is a Muslim of Pakistani origin. (Complaint at ¶ 7).   Plaintiff further alleges that he was employed as an Assistant Professor at the State University of New York ("SUNY"), beginning work in August 2002.  (Complaint at ¶ 21)

Plaintiff claims that at the time he received his first one-year term appointment, defendant Waltzer told him that he would recommend the plaintiff for promotion to Associate Professor and that plaintiff would be "fast tracked" to a tenure track position with a increase in salary (Complaint at ¶¶ 23 and 24).  Plaintiff alleges that defendant

2

Waltzer failed to promote him as plaintiff claims defendant Waltzer had promised. (Complaint at ¶ 32).  In support of plaintiff's failure to promote claim, he alleges that "upon information and belief, SUNY Stony Brook subsequently hired another [unnamed] physician in the Department of Urology who was non-Asian and non-Muslim and who was treated more favorably than plaintiff in terms of pay and promotion opportunities." (Complaint at ¶ 34).   Plaintiff does not allege that this individual was promoted or received a tenured position.

Plaintiff alleges generally that other non-Asian non-Muslim employees were offered paid leave to pursue educational opportunities that plaintiff was not. (Complaint at ¶¶ 37 and 38).  Plaintiff also alleges that he was treated worse by being assigned to the urology resident clinic and the VA hospital more than any other attending physician in the department, and also conversely claims that he was "denied important opportunities to increase his client base and earnings." (Complaint at ¶¶ 39, 42 and 59). Plaintiff also claims defendant Waltzer "denied plaintiff the ability to perform laparoscopic live-donor nephrectomy . . . , blocked plaintiff's entry to the Cancer Center" . . . and "encouraged the disruption of plaintiff's surgeries by other individuals." (Complaint at ¶¶ 44 and 45).  Plaintiff makes one vague allegation that "Dr. Waltzer has made explicit reference to plaintiff's race and religion in justifying his unfair treatment of plaintiff," but does not specify what Dr. Waltzer actually said.  (Complaint at ¶ 46).

Plaintiff alleges that from January 20, 2005, he wrote to Dr. Waltzer "protesting the discrepancy in his salary compared with other new hires in the department." (Complaint at ¶ 48).  Plaintiff alleges that he sent various letters of complaint to Dr. Waltzer's superiors from September 2005 until August 2006 regarding his not being promoted. (Complaint at ¶¶ 49, 52 and 53).  Plaintiff alleges that in these letters, he

3

raised concerns regarding billing practices, HIPPA violations and violations of the "Patients Bill of Rights," and "patient safety issues," which included "the disruption of plaintiff's surgeries while patients were under anesthesia, the withholding of surgical instruments from plaintiff during his surgeries and the knowing falsification of the credentials of certain department members." (Complaint at ¶¶ 55 and 56).

However, plaintiff alleges that even prior to this first complaints to Dr. Waltzer's superiors, the following occurred to him: no promotion, tenure or salary increases (Complaint at ¶ 58), disproportionate assignments to the Clinic and VA hospital (Complaint at ¶ 59), receiving no unscheduled time in which to pursue research (Complaint at ¶ 60), being blocked from participating in the donor nephrectomy program (Complaint at ¶ 63), disruption of plaintiff's surgeries (Complaint at ¶ 64), blocked his participation at the Cancer Center (Complaint at ¶ 66), and being harassed by one of the Urology operating room clinicians alleged acting on behalf of Dr. Waltzer (Complaint at ¶ 68).

Plaintiff claims that after complaining to Dr. Waltzer's superiors as stated above, defendant Waltzer allegedly began to retaliate against him, specifically by: relocating plaintiff's equipment from the laboratory to the operating room (Complaint at ¶ 61), failing to acknowledge plaintiff in urology conferences in front of staff and residents (Complaint at ¶ 62), refusing to allow plaintiff to perform work at other hospitals as he allowed other department members to do (Complaint at ¶ 65), and harassing and excluding plaintiff from interviewing faculty and residents (Complaint at ¶ 67).

Plaintiff alleges that on or about March 30, 2007, Dr. Waltzer submitted an unfavorable performance evaluation (Complaint at ¶ 69).  This was followed by a non-renewal letter dated April 4, 2007 from defendant Dr. Fine (Complaint at ¶ 71).

Plaintiff does not allege any wrongdoing whatsoever by defendant Kenny in the Complaint.  The only allegation is that plaintiff wrote Dr. Kenny on August 30, 2006 "protesting the discriminatory acts and practices of defendant Waltzer," and Dr. Waltzer's allegedly inappropriate billing practices (Complaint at ¶ 53).

Plaintiff alleges 12 causes of action in his complaint.  The causes of action, presented in order, allege violations of the following statutes:

1) Title VII [race, color, religion and/or ethnic origin] as against all defendants;

2) New York Executive Law § 296 (1)(a) and (6) [race, creed, color or national origin] as against all defendants;

3) Title VII [retaliation] as against all defendants;

4) New York Executive Law § 296 (7) [retaliation] as against all defendants;

5) 42 U.S.C. § 1981 [race, religion] as against all defendants;

6) 29 U.S.C. §621 et seq., and New York Executive Law § 296 (1)(a) [age] against all defendants;

7) 42 U.S.C. § 1983 (Equal Protection) [race, color, religion and/or ethnic origin] as against all defendants;

8) New York Constitution (Equal Protection) [race, color, religion and/or ethnic origin] as against all defendants;

9) 42 U.S.C. § 1983 (First Amendment) as against all defendants;

10) 42 U.S.C. § 1983 (Due Process) as against all defendants

11) "Breach of Contract Including Covenant of Good Faith and Fair Dealing" as against all defendants; and,

12) "Waste" as against all defendants.

## DOCUMENTS REFERRED TO IN THE COMPLAINT

The Complaint refers to a number of documents.  Three of these documents are attached as Appendix A - C.

### The Annual Employment Contract

As alleged in the Complaint (¶ 21), plaintiff accepted and began work as a term appointment (one-year in duration) beginning on August 1, 2002. See Appendix A, attached hereto.

### Non-renewal Letter

As alleged in the Complaint (¶ 71), plaintiff was sent a letter of non-renewal of his contract from defendant Fine.  See Appendix B, attached hereto.

### EEOC Complaint

Plaintiff alleges that he filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on April 13, 2007.  See Complaint at ¶¶ 4, 73, and Appendix C, attached hereto.

## ARGUMENT

## I.

## THE MATERIAL THE COURT MAY CONSIDER

For purposes of this motion, the Complaint is deemed to include documents referred therein (i.e., plaintiff's appointment letter and non-renewal letter, policies of the Board of Trustees governing term appointments).  See Fed. R. Civ. P. 10(c); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-154 (2d Cir. 2002); Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000)(complaint deemed for purpose of motion under Fed. R. Civ. P. 12(b)(6) "to include . . .  any statements or documents incorporated in it by reference").  Review of the Complaint, including these documents, confirms that partial dismissal of the Complaint is required.

## II.

## THE SIXTH CAUSE OF ACTION ALLEGING
## AGE DISCRIMINATION SHOULD BE DISMISSED

### A.     Plaintiff's Claims under the ADEA
###        Must Be Dismissed in Their Entirety

This court lacks subject matter jurisdiction to consider plaintiff's claims pursuant to 29 U.S.C. §§ 623 and 626 as against the State entities (Kimel v. Florida Board of Regents, 528 U.S. 62 (2000); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 117-21(1984)).  In addition, 29 U.S.C. §§ 623 and 626 do not authorize suit against individual defendants.  Cherry v. Toussaint, 2002 Westlaw 1270938, at * 3 (S.D.N.Y. 2002), affirmed by summary order, 50 Fed. Appx. 476 (2d Cir. 2002); Parker v. Metropolitan Transportation Authority, 97 F.Supp.2d 437, 452 (S.D.N.Y. 2000)(citing cases); Horwitz v. Board of Education, 260 F.3d 602, 610 note 2 (7th Cir. 2001); Medina

v. Ramsey Steel Co., Inc., 238 F.3d 674, 686 (5th Cir. 2001); Smith v. Lomax, 45 F.3d 402, 403  note 4 (11th Cir. 1995).

Therefore, plaintiff's claims against all defendants pursuant to the ADEA must be dismissed in their entirety.

**B.      The Complaint Does Not State a Claim**
**Pursuant to New York Executive Law §296(1)(a)**

Although plaintiff alleges age discrimination against him [51 years of age] based on New York Executive Law §296(1)(a), he does not make a single allegation of discrimination  related in any way to his age.

"It is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim under Rule 12(b)(6)."  Martin v. New York State Dept. of Mental Hygiene, 588 F.2d 371, 372 (2d Cir. 1978);  see also Fonte v. Board of Managers, 848 F.2d 24, 25 (2d Cir. 1988)("If a civil rights complaint is to survive a motion to dismiss, it must make specific factual allegations indicating a deprivation of rights.").  Recitation of a legal conclusion, however, is not the equivalent of a factual allegation and, accordingly, such an allegation does not benefit from the rule that on a motion to dismiss, the factual allegations are to be construed liberally in favor of the plaintiff.  Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct 1955, 1964-65 (May 21, 2007); see also Scalisi v. Fund Asset Management, LLP, 380 F.3d 133, 137 (2d Cir. 2004)("we are not required to accept as true the legal conclusions or unwarranted deductions of fact drawn by the non-moving party").  For the above reasons, the 6th Cause of Action  should be dismissed for failure to state a claim upon which relief may be granted.

8

**III.**

**CLAIMS PURSUANT TO TITLE VII PRIOR TO
JUNE 16, 2006 AND PURSUANT TO NEW YORK
EXECUTIVE LAW §§290, *ET SEQ.*, PRIOR TO JANUARY 28, 2005
ARE BARRED BY THE STATUTE OF LIMITATIONS**

All claims for damages pursuant to Title VII prior to June 16, 2003 (300 days prior

to the filing of her EEOC complaint), and any damage claims pursuant to New York

Executive Law §§290, *et seq.*, prior to January 28, 2005 (three years before this action

was commenced), are barred by the statute of limitations, and should be dismissed by

this Court.

Under Title VII, a plaintiff may not recover damages for discriminatory conduct

that occurred more than 300 days before the filing of a charge with the EEOC.  42

U.S.C. §2000e-5(e)(1).  Since plaintiff filed his EEOC/SDHR complaint on April 13,

2007, only allegations regarding alleged wrongdoing that occurred from June 16, 2006

onward can be alleged; all allegations relating to claims under Title VII prior to June 16,

2006 are untimely and should be dismissed.  Further, all claims pursuant to New York

Executive Law §§290, *et seq.*, prior to January 28, 2005 (three years before this action

was commenced), are barred by the statute of limitations.

Based on this, plaintiff's claims that, at the time he received his one-year term

appointment in August 2002, defendant Waltzer told him that he would recommend the

plaintiff for promotion to Associate Professor and that plaintiff would be "fast tracked" to

a tenure track position with a increase in salary (Complaint at ¶¶ 23 and 24), are time

barred and should be dismissed from the Complaint.

Likewise, any allegations regarding plaintiff's not receiving salary increases or

promotions that occurred prior to June 16, 2006 (pursuant to Title VII).  Since such

financial claims were not raised within 300 days in an EEOC complaint, they are barred by <u>Ledbetter v. GoodYear Tire and Rubber Company, Inc.,</u> __ U.S. ___, 127 S. Ct. 2167  (2007). Such allegations that occurred prior to January 28, 2005 would also be barred pursuant to New York Human Rights Law.

Accordingly, all claims for damages pursuant to Title VII prior to June 16, 2003 (300 days prior to the filing of her EEOC complaint), and any damage claims pursuant to New York Executive Law §§290, *et seq.*, prior to January 28, 2005 (three years before this action was commenced), are barred by the statute of limitations, and should be dismissed by this Court.

**IV.**

### PLAINTIFF FAILS TO STATE A VIABLE CAUSE OF ACTION PURSUANT TO TITLE VII

**A.     Plaintiff Fails to State a Title VII
Action as Against the Individual Defendants**

Plaintiff alleges violations of Title VII in her First and Third Causes of Action as against all defendants based on age, race, color, religion, ethnic origin and retaliation. Plaintiff's Title VII claim only relates to the State entities because the statute does not provide for individual liability.  See <u>Tonka v. Seiler Corp.</u>, 66 F.3d 1295, 1313-1317 (2d Cir. 1995).  Therefore, the individual defendants cannot be held liable under Title VII.

**B.     Plaintiff Fails to State a Title VII
Action as Against the SUNY School Of Medicine**

As demonstrated in her EEOC/SDHR complaint, plaintiff made a claim of discrimination only against "State University of New York at Stony Brook, Stony Brook University, Stony Brook University Medical Center and Wayne Waltzer."  See Appendix C, attached hereto.  Plaintiff has never made an EEOC or SDHR complaint as against

named defendant Stony Brook University School of Medicine and, therefore, has failed to exhaust his administrative remedies as against Stony Brook University School of Medicine.  Plaintiff's First and Third Causes of Action as against Stony Brook University School of Medicine based on a violation of Title VII is must be dismissed.

**C.   Plaintiff Fails to State a Title VII Action for Retaliation**

Plaintiff's Third Cause of Action alleges a violation of Title VII claiming that he was retaliated against by the defendants.   Plaintiff has failed to specify any additional adverse action that he suffered in retaliation for his complaints that he was being discriminated against.  Therefore, the Third Cause of Action should be dismissed in its entirety.

In order to establish a *prima facie* case of retaliation pursuant to Title VII, "an employee must show 1) participation in a protected activity known to the defendant; 2) an employment action disadvantaging the plaintiff; and 4) a causal connection between the protected activity and the adverse employment action."  See Feingold v. New York, 366 F.3d 138, 156 (2d Cir. 2004)[quoting Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998) and Tomka .v Seiler Corp., 66 F.3d 1295, 1303 (2d Cir. 1995)].

Plaintiff cannot demonstrate that he suffered any adverse actions as a result of his complaints prior to his receiving a poor evaluation on March 30, 2007.  The test for whether an action constitutes an adverse employment action is whether there has been a "materially adverse change in the terms, privileges, duration and conditions of employment," Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002).  Types of actions that are considered adverse employment actions are "discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand."  Morris v. Lindau, 196 F.3d 102, 110 (2d Cir. 1999).

11

Although plaintiff claims that the following alleged wrong doing was in retaliation for his making complaints about Dr. Waltzer's alleged discriminatory treatment of him, plaintiff admits that such alleged wrongdoing occurred prior to his complaints, and continued after he made his complaints: no promotion, tenure or salary increases (Complaint at ¶ 58), disproportionate assignments to the Clinic and VA hospital (Complaint at ¶ 59), receiving no unscheduled time in which to pursue research (Complaint at ¶ 60), being blocked from participating in the donor nephrectomy program (Complaint at ¶ 63), disruption of plaintiff's surgeries (Complaint at ¶ 64), blocked his participation at the Cancer Center (Complaint at ¶ 66), and being harassed by one of the Urology operating room clinicians alleged acting on behalf of Dr. Waltzer (Complaint at ¶ 68). Such actions, if "continued" throughout his time at SUNY at Stony Brook, cannot be the basis of a claim of retaliation.

Plaintiff does alleges that additional wrongdoing occurred in retaliation for making complaints about the alleged unequal treatment by Dr. Waltzer, specifically: "the disruption of plaintiff's surgeries while patients were under anesthesia, the withholding of surgical instruments from plaintiff during his surgeries and the knowing falsification of the credentials of certain department members." See Complaint at ¶¶ 55 and 56. None of these instances of alleged wrong doing rise to the level of an "adverse employment action" for purposes of stating a cause of action for retaliation.

Further, plaintiff also alleges that the poor performance evaluation that he received in evaluation in March 30, 2007, and his letter of non-renewal in April 2007 were also retaliation for his complaints. While there is no question that such actions would constitute "adverse employment actions," plaintiff has not stated allegations that demonstrate that the protected activity, speaking to Dr. Edelman in September 2005,

12

sending an email on October 1, 2005, or sending a letter on August 30, 2006 to Dr. Waltzer's superiors was causally connected to either of these adverse employment actions. To establish the causal connection between the protected act and defendant's harmful intent, however, plaintiff must allege that the protected activity was closely followed in time by an adverse action. Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991); Manoharan, 842 F.2d at 593; DeCintio v. Westchester Co. Medical Ctr., 821 F.2d 111, 115 (2d Cir.) cert. denied 484 U.S. 965 (1987). His receiving a poor evaluation in March 30, 2007 is too temporarily remote [seven months] to his sending a letter of complaint on August 30, 2006.

Because plaintiff has wholly failed to articulate facts sufficient to support a retaliation claim, the Third Cause of Action must be dismissed as well.

**V.**

**THE CLAIMS PURSUANT TO 42 U.S.C. § 1981
AND 1983 ARE BARRED BY THE ELEVENTH
AMENDMENT AS AGAINST THE STATE ENTITIES AND THE
INDIVIDUAL DEFENDANTS SUED IN THEIR OFFICIAL CAPACITIES**

Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1983 (the Fifth, Seventh, Ninth and Tenth Causes of Action) must be dismissed as against the State entities based on the Eleventh Amendment to the United States Constitution. Neither of these statutes abrogates Eleventh Amendment immunity. Edelman v. Jordan, 415 U.S. 651, 662-663, 94 S. Ct. 1347, 1355 (1974). See Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984).

In addition, none of the SUNY State entities is a "person" under these statutes. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); see K&A Radiologic Tech. Servs., Inc. v. Commissioner, 189 F.3d 273, 278 (2d Cir. 1999); Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 49 (2d Cir. 1998).  For this fundamental reason, the Complaint does not and cannot state a claim against any of the State entities under Section 1983.

In addition, insofar as Drs. Kenny, Fine and Waltzer are sued in their official capacities, the Complaint must be dismissed against them because a State official sued in his or her official capacity is the equivalent of a suit against the State itself.  See Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099 (1985). Since the Eleventh Amendment bars these claims against the State entities, it also bars said claims against the individual defendants in their official capacities.

## VI.

### LIKEWISE, THE NINTH AND TENTH CAUSES OF ACTION ASSERTED UNDER 42 U.S.C.§§ 1981 and 1983 AS AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In addition to the foregoing, plaintiff's claims asserted in the Ninth and Tenth Causes of Action as against the individual defendants must be dismissed because they fail to state a claim upon which relief can be granted.

### A.    42 U.S.C.§ 1981

Section 1981 may not be used against State defendants for alleged violations of federal rights protected by § 1983.  As held in Jett v. Dallas Independent School Dist., 490 U.S. 701, 732 (1989), "Congress intended that the explicit remedial provisions of 1983 be

cntrolling in the context of damages actions brought against state actors alleging violations to the rights declared in 1981."

**B.    *42 U.S.C. § 1983***

In order to state a claim under Section 1983, a Complaint must allege that a person, acting under color of State law, deprived plaintiffs of a federal statutory or constitutional right.  See Gonzaga University v. Doe, 536 U.S. 273, 279 (2002);  Eagleston v. Guido, 41 F.3d 865 (2d Cir. 1994).

### 1.    The Ninth Cause of Action Alleging a First Amendment Violation Should be Dismissed

To prevail on a First Amendment retaliation claim, a public employee must prove that: (1) the speech at issue was protected; (2) he suffered an adverse employment action; and (3) a causal link existed between the protected speech and the adverse employment action. Blum v. Schlegel, 18 F.3d 1005, 1010 (2d Cir.1994); see Mount Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-87 (1977). Even if the employee establishes all three elements, a governmental employer may avoid liability by showing that it would have taken the same adverse employment action in the absence of the protected speech. Mount Healthy, 429 U.S. at 287; see also Connick v. Myers, 461 U.S. 138, 150 (1983).

In addition, where, as here, the defendant is in essence a municipality (or a municipal agency or a municipal official sued only in his official capacity), the municipality cannot be held liable under § 1983 solely on a theory of *respondeat superior*. Monell v. Department of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality, however, may be liable under § 1983 when the deprivation of constitutional rights is a result of action taken pursuant to an official municipal policy. *Id.* at 690-91; see City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)

**2.    The Tenth Cause of Action Alleging a**
**Due Process Violation Should be Dismissed**

In order to state a due process claim, a plaintiff must allege that he has a constitutionally-protected life, liberty or property interest, and that the State has deprived him of that interest by means of constitutionally deficient procedures.  See U.S. Const. amend. XIV, § 1.  As directed by the Supreme Court:

> We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State . . . ; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient  . . .

Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989)(citations omitted); see also Green v. Bauvi, 46 F.3d 189, 194 (2d Cir.1995).

> As the Supreme Court made clear in Board of Regents v. Roth:
> Property interests, of course, are not created by the Constitution.  Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law -- rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972).

First, "[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v. Philles Records, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 780 N.E.2d 166 [2002]; see W.W.W. Assoc. v. Giancontieri, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 566 N.E.2d 639 [1990]). The express terms of the appointment letter precludes continuation past any one year appointment period, therefore, plaintiff is not entitled to have his appointment term renewed.

Second, plaintiff cannot rely on allegedly implied contract terms that contradict the express terms of his employment because "the nature and contours of a specific property

interest are defined by some source independent of the Constitution -- most often state law," Ezekwo v. New York City Health & Hosp. Corp., 940 F.2d 775, 782 (2d Cir. 1991),. On this point New York law is clear:  "[n]o obligation can be implied . . . which would be inconsistent with other terms of the contractual relationship."  Murphy v. American Home Prod. Corp., 58 N.Y.2d 293, 304, 461 N.Y.S.2d 232, 237 (1983);  Sabetay v. Sterling Drug, Inc., 69 N.Y.2d 329, 335-336, 514 N.Y.S.2d 209, 212-213 (1987)(quoting Murphy); see, e.g., Michael J. Torpey, Inc. v. Consolidated Edison Co., 99 A.D.2d 484, 470 N.Y.S.2d 426, 427 (2d Dept. 1984)("it is the law that evidence of custom and usage cannot be used to contradict, alter or vary the express terms of an unambiguous contract"); Albany Discount Corp. v. Basile, 32 A.D.2d 723, 300 N.Y.S.2d 464 (3d Dept. 1969)(same).

Plaintiff was notified that his appointment was a year to year term appointment and that he had no right or entitlement of being renewed.  See Appendix A.  Therefore, with no legal right to renewal of his term appointment, plaintiff can have no property interest in the continuation of such appointment that is protected by the Constitution.

For the above reasons, the Ninth and Tenth Causes of Action should be dismissed as to the individual defendants for failure to state a claim upon which relief may be granted.

**VII**.

**PLAINTIFF'S STATE LAW
CLAIMS SHOULD BE DISMISSED AS WELL**

All New York State law claims against the State entities are barred by the Eleventh Amendment to the United States Constitution. Pennhurst State Sch. & Hosp. V. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984).  Therefore, these state claims are only against Drs. Kenny, Fine and Waltzer in their individual capacities.

17

A.     <u>New York Executive Law §296(a)(1)</u>

N.Y. Exec. Law § 297(9) provides a right of action against unlawful discriminatory practices.   Section 297(9) applies, inter alia, to both employment discrimination and discrimination in places of public accommodation.   N.Y. Exec. Law § 291(1), (2).   The NYHRL provides, in pertinent part, that:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate . . . unless such person had filed a complaint hereunder or with any local commission on human rights.

N.Y. Exec. Law § 297(9).

Plaintiff alleges a violation pursuant to New York Executive Law §296(a)(1). "[C]laims brought under New York State's Human Rights Law are analytically identical to claims brought under Title VII." (internal citations omitted)). Similarly, the Second Circuit has held that the elements of an employment discrimination action under Section 1981 are identical to those for an action under Title VII.  <u>Chaudhury v. Polytechnic Institute of New York</u>, 735 F.2d 38, 44 (2d. Cir. 1984).

B.     **The Fourth Cause of Action fails to**
       <u>**State a Claim upon which Relief Can be Granted**</u>.

Plaintiff's Fourth Cause of Action alleges retaliation against all defendants based on New York Executive Law §296(7).  As stated at length at Point IV (C) (*supra* at 10 - 13), plaintiff cannot support a *prima facie* case of retaliation because he has failed to sufficiently allege retaliatory actions that constituted an "adverse employment action" or how the protected activity in which he engaged, making complaints to management, is causally connected to the alleged adverse action taken by his employer.

As defendants have argued above (*supra* at 11 - 12), the only alleged retaliatory actions that plaintiff has alleged in his complaint rise to the level of an "adverse employment action are his receipt of a poor evaluation on March 30, 2007 and a letter of non-renewal on April 4, 2007.  Since there was a seven-month time period between plaintiff's sending his last complaint of discrimination in August 2006 and these two actions, plaintiff has not alleged a viable claim of retaliation.  This seven-month period of time is too remote in time to be causally connected to his making his last complaint of discrimination.  Therefore, plaintiff has not alleged a *prima facie* case of retaliation against any of the defendants pursuant to New York Executive Law §296, *et seq.*

**C.     Breach of Contract Including**
**Covenant of Good Faith and Fair Dealing**

Plaintiff asserts a state law claim for breach of contract including covenant of good faith and fair dealing based on the alleged assurances given to plaintiff by Dr. Waltzer in August 2002.  These alleged assurances do not appear in the one-year appointment letter that plaintiff received.  Plaintiff's claim of defendant's oral assurances to "fast track" his promotion to a permanent tenured position, is insufficient to sustain a valid cause of action for breach of the employment contract.   See Kotick v. Desal, 123 A.D. 2d 744, 507 N.Y.S.2d 217 (2nd Dept., 1986).

As stated previously, "[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v. Philles Records, 98 N.Y.2d 562, 569, 750 N.Y.S.2d 565, 780 N.E.2d 166 [2002]; see W.W.W. Assoc. v. Giancontieri, 77 N.Y.2d 157, 162, 565 N.Y.S.2d 440, 566 N.E.2d 639 [1990]). Plaintiff's  appointment letter informed plaintiff that he was solely a year-to-year term employee.  Plaintiff is not alleging that his "termination" (really the non-renewal of his

19

term appointment) in any way violated his term of employment as set forth in this appointment letter.  In fact, plaintiff was notified more than a year before he was to be terminated that his year appointment would not be renewed. (Complaint at ¶71 and Appendix B).

Plaintiff's allegation that Dr. Waltzer gave him oral assurances that he would be on the "fast track" to a permanent tenured position are too vague to ascertain its material terms and therefore not capable of being enforced.  Moreover, plaintiff alludes in his complaint to the process and to all the individuals who would be involved in any tenure recommendation being sent on behalf of plaintiff.  Plaintiff acknowledges that there is a Faculty Appointment, Promotion and Tenure Committee that actually makes the decision to grant tenure or not. (Complaint at ¶ 50).  Therefore, clearly, even taking plaintiff's allegations as true for the sake of this motion, Dr. Waltzer clearly did not have the authority to make any such assurance to plaintiff that he would be "fast-tracked" and be guaranteed a permanent tenured position, when plaintiff acknowledges that there is and was a separate committee that made such determinations.

Finally, plaintiff's claims that Dr. Waltzer told him that he would be promoted to a permanent tenured track at some time in the future, was within the "not to be performed within one year" provision of the Statute of Frauds (General Obligations Law § 5-701(a) [1]); see also D & N Boening v. Kirsch Beverages, 63 N.Y.2d 449, 454, 483 N.Y.S.2d 164, 472 N.E.2d 992; Weiner v. McGraw-Hill, Inc., 57 N.Y.2d 458, 463, 457 N.Y.S.2d 193, 443 N.E.2d 441; Marini v. D'Apolito, 162 A.D.2d 391, 393, 557 N.Y.S.2d 45).  Plaintiff's claims of breach of contract regarding alleged oral assurances of Dr. Waltzer in 2002 are too vague and unspecified to guarantee that they could have been performed within one year. Accordingly, the Eleventh Cause of Action should be denied.

**D.**     **Waste**

Plaintiff's claims that defendants caused a waste of governmental resources.  New York Courts have recognized two general categories of waste.  New York courts recognize " 'a substantive cause of action for waste against one in control of real property who does no more than allow the property to deteriorate and decrease in value....' " See Travelers Ins. Co. v. 633 Third Assocs., 973 F.2d 82, 85 (2d Cir.1992)(quoting United States v. Miller, 400 F.Supp. 1080, 1084 (S.D.N.Y.1975).  Second, New York courts recognize a cause of action for waste by a mortgagee against a mortgagor who impairs the mortgage.  See Union Mortgage Co. v. Nelson, 82 N.Y.S.2d 268, 269 (Sup.Ct.Bronx County 1948) (damages suit by mortgagee for damage to property caused by mortgagor), aff'd, 275 A.D. 1028, 91 N.Y.S.2d 839 (1st Dep't 1949).

Clearly, this cause of action is misplaced in this employment discrimination context. Therefore, the Twelfth Cause of Action should be dismissed as well.


# CONCLUSION

WHEREFORE, for the foregoing reasons, defendants State University of New York at Stony Brook, Stony Brook University, Stony Brook University, School of Medicine, Stony Brook University Medical Center, Shirley Strum Kenny, Ph.D., Richard Fine and Wayne Waltzer respectfully request this Court to grant their motion to dismiss as follows:

1) dismissing the First and Third Causes of Action as against defendants Kenny, Fine and Waltzer;

2) dismissing the Fifth Cause of Action regarding the allegation of discrimination based on religion;

3) dismissing the Fifth, Seven, Ninth and Tenth Causes of Action as against defendants Kenny, Fine and Waltzer in their official capacities;

4) dismissing the Fifth, Sixth, Seven, Nine and Ten Causes of Action as against SUNY at Stony Brook, the Medical School and the Hospital;

5) dismissing the Sixth, Nine, Ten, Eleventh and Twelfth Causes of Action as against all defendants.

Dated:      Mineola, New York
            March 19, 2008

                                    Respectfully submitted,

                                    ANDREW M. CUOMO
                                    Attorney General of the State of  New York


                                    By: _____
                                          Toni E. Logue
                                    Assistant Attorney General
                                    200 Old Country Road, Suite 460
                                    Mineola, New York 11501
                                    (516) 248-3317
                                    Attorneys for Defendants