# SETTLEMENT AGREEMENT AND GENERAL RELEASE

SETTLEMENT AGREEMENT AND RELEASE dated as of ~~April~~ May 6, 2011, by and between Dr. Jamil Rehman ("Plaintiff"), on the one hand, and the State University of New York at Stony Brook, Stony Brook University Hospital, Stony Brook University, Stony Brook University School Of Medicine, Stony Brook University Medical Center, Shirley Strum Kenny, Ph.D., Richard Fine, M.D., and Wayne Waltzer, M.D., (collectively, the "Defendants"), on the other:

**WHEREAS**, Dr. Rehman has asserted claims against the Defendants in the action titled <u>Rehman v. State University of New York at Stony Brook, et al.</u>, Docket No. 08-326, filed in the United States District Court for the Eastern District of New York and in the Claim titled <u>Rehman v. State University of New York at Stony Brook, et al.</u>, Claim No. 115047 filed in the New York State Court of Claims (hereinafter referred to collectively as "the Actions"); and

**WHEREAS**, Defendants expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance or law, in this matter; and

**WHEREAS**, Plaintiff and the Defendants all desire to resolve the Actions now without the expense of further litigation;

**NOW THEREFORE**, in consideration of the mutual promises, covenants, and representations contained in this Agreement and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the undersigned parties to the Actions, intending legally to be bound, hereby agree to the following terms and conditions to settle forever the above-referenced matter:

1. **Dismissal of Action with Prejudice.** The Actions are dismissed with prejudice, including all claims that were or could have been asserted by Plaintiff in the Actions.

Simultaneously with the execution of this Settlement Agreement and Release, counsel for Plaintiff and for the Defendants shall execute a Stipulation and Order of Dismissal, to which this Settlement Agreement and General Release is attached. Counsel for the Defendants shall file the executed Stipulation and Order and this Settlement Agreement and General Release with the United States District Court, Eastern District of New York (Docket No. 08-326) within three business days after receiving this Settlement Agreement and Release fully executed by all of the signatories. In addition, counsel for Plaintiff and for the Defendants shall execute a Stipulation and Order of Dismissal relating to plaintiff's Claim currently filed with the New York State Court of Claims (Claim No. 115047),

2. **No Other Action Commenced.** Other than the Actions specified above, Plaintiff represents that he has not commenced, maintained, prosecuted or participated in any action, charge, complaint or proceeding of any kind, and that to his knowledge, no action, charge, complaint or proceeding of any kind has been brought on his behalf against the State of New York or the Defendants, against any Hospital in the State University of New York ("SUNY") system, including, but not limited to, all its subdivisions and components, and including, but not limited to, its affiliated entities such as the research foundations, the faculty student association, the CPMP, School of Medicine, Health Sciences Center, Clinical Departmental P.C.'s, Research Foundation employee or any individual or official employed by or affiliated with or on the staff of the Hospital or the State University of New York at Stony Brook, and any and all agencies, departments and officials, employees and agents of the State of New York, in their individual and official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that to his knowledge currently is pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for

2

Defendants to enter into this Settlement Agreement and Release. Defendants represent that they have not commenced, maintained, prosecuted or participated in any action, charge, complaint or proceeding of any kind against Plaintiff that is pending in any court, or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Plaintiff to enter into this Settlement Agreement and Release.

3. **Future Employment.** Plaintiff agrees that he will not seek, apply for or accept employment or contracted work at any entity of the State University of New York at Stony Brook ("SUNY at Stony Brook"), including, but not limited to, Stony Brook University Hospital, all its subdivisions and components, and including, but not limited to, its affiliated SUNY at Stony Brook entities such as the Research Foundation, the Faculty Student Association, the CPMP, School of Medicine, Health Sciences Center, Clinical Departmental P.C.'s, or as a Research Foundation employee, or any individual or official employed by or affiliated with, or on the staff of, the Hospital or the State University of New York at Stony Brook, unless such employment is external to any SUNY at Stony Brook entity, at any time in the future, and hereby waives any claims that may accrue to him from rejection of any application for employment or contracted work at any SUNY at Stony Brook entity. Plaintiff acknowledges that no SUNY at Stony Brook entity has any obligation, contractual or otherwise, to hire, employ or contract with him in the future. Should plaintiff seek, apply for, or accept employment or contracted work at any SUNY at Stony Brook entity and initiate any form of legal claim or action based thereupon against any SUNY at Stony Brook entity, the parties agree that said claim or action will be subject to dismissal with prejudice pursuant to this paragraph.

4. **Payment to Plaintiff.** In consideration for Plaintiff's agreeing to the conditions stated in paragraphs 1, 2 and 3, above, defendants agree that a single check in the amount of $250,000.00 (Two Hundred Fifty Thousand Dollars) shall be issued by the appropriate agency of

3

the State of New York, payable to "Beldock, Levine & Hoffman, LLP, as attorney for Dr. Jamil Rehman." Plaintiff hereby consents to the issuance of such check, payable to his attorney, Beldock, Levine & Hoffman, LLP. The check shall be sent to:

>  Beldock, Levine & Hoffman, LLP
>  99 Park Avenue
>  New York, New York 10016-1503

Plaintiff agrees that such check represents payment in full satisfaction of any and all claims in the Action, including payment for Plaintiff's purported pain and suffering and mental anguish and any and all claims for costs, attorney's fees, and disbursements. IRS Form 1099 will be issued to  Beldock, Levine & Hoffman, LLP
>  99 Park Avenue
>  New York, New York 10016-1503

5. **Taxes.** In the event that the IRS determines that any portion of this payment, as set forth in paragraph 4, above, is a taxable event for plaintiff or his attorneys, Plaintiff and/or his attorney, Beldock, Levine & Hoffman, LLP, and not any of the Defendants, or the State of New York, will be responsible for the payment of any and all related taxes, interest and penalties.

6. **Approvals of Payments.** The Payment and Attorney Fees contained in Paragraph 4, above are subject to the approval of all appropriate state officials in accordance with the provisions for indemnification in New York Public Officers Law § 17, subdivision 3(a), and the Finance Law, and all other statutorily required approvals.

7. **Requests for Employment References and Responses to Privilege Applications.** Prospective employers seeking a job reference for plaintiff shall be directed to the Director of Human Resources at SUNY at Stony Brook (currently Lynn Johnson), who will be the only individual authorized by SUNY to provide information to prospective employers regarding plaintiff's employment by SUNY. Upon being contacted in writing by any prospective employers of plaintiff, SUNY at Stony Brook's Director of Human Resources shall provide no information

4

regarding plaintiff's employment at SUNY other than plaintiff's title, salary, and dates of employment. SUNY at Stony Brook's Director of Human Resources shall further advise any prospective employer of plaintiff that it is SUNY policy not to provide any additional information regarding an employee. Hospital Privilege verifications, Questionnaires, and similar requests will be completed by the Medical Staff Office using the same procedure as for all other such requests. Neither SUNY, nor any of its current or former agents or employees shall be liable for any breach of this provision if any current or former employees of SUNY at Stony Brook other than its Director of Human Resources are asked for, and provide, any information or opinions about plaintiff and/or his job performance at SUNY at Stony Brook to a prospective employer of plaintiff except that defendant Wayne Waltzer, defendant Richard Fine and defendant Shirley Strum Kenny agree that they will refer any requests for information they receive concerning plaintiff to SUNY at Stony Brook's Director of Human Resources. Nothing in this Settlement Agreement and General Release shall prevent plaintiff from seeking an employment reference from a current or former employee of SUNY, and nothing in this Settlement Agreement and General Release shall prevent a current or former employee of SUNY from voluntarily providing an employment reference for plaintiff.

8.  **Mutual General Releases. (a)** In exchange for the issuance of such payment and the other valuable consideration set forth in this Settlement Agreement and Release, except as to the rights and obligations set forth in this Agreement, Plaintiff, for himself, his heirs, executors,

5

administrators, successors and assigns, hereby release and forever discharge Shirley Strum Kenny, Richard Fine and Wayne Waltzer, and all of their heirs, executors, administrators, successors and assigns, and the State University of New York at Stony Brook, Stony Brook University Hospital, the State of New York and any and all agencies, departments and officials, employees and agents of the State of New York, in their individual and official capacities, of and from all manner of actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, whether arising at law or in equity or arising out of any federal, state or city constitution, statute, ordinance, by-law or regulations, including (without limitation) all claims under 42 U.S.C. §§2000, *et seq.*, New York Executive Law §§290, *et seq.*, 42 U.S.C. § 1983, and all non-statutory claims under Federal and New York State law, as well as any claim for attorneys fees, costs, disbursements or the like, which he has ever had, now has, or may have, for, or by reason of any matter, cause, event or thing whatsoever, from the beginning of the world up to and including the date of execution of this Settlement Agreement and Release, except as to enforcement of this Settlement Agreement and Release.

(b)  For and in consideration of the discontinuances referenced in paragraph 1 of this Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Agreement, Defendants, and all of their present and former principals, officers, directors, members, trustees, shareholders, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators and assigns, including but not limited to Defendants the State University of New York at Stony Brook, Stony Brook University Hospital, Stony Brook University, Stony Brook University School Of Medicine, Stony Brook University Medical Center, Wayne Waltzer, M.D., Richard Fine, M.D., and Shirley Strum Kenny, Ph.D., hereby release and forever discharge

Plaintiff, for himself, his heirs, executors, administrators, successors and assigns, of and from all manner of actions, proceedings, causes of action, suits, debts, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, whether arising at law or in equity or arising out of any federal, state or city constitution, statute, ordinance, by-law or regulations, including (without limitation) all claims under 42 U.S.C. §§2000, *et seq.*, New York Executive Law §§290, *et seq.*, 42 U.S.C. § 1983, and all non-statutory claims under Federal and New York State law, as well as any claim for attorneys fees, costs, disbursements or the like, which he has ever had, now has, or may have, for, or by reason of any matter, cause, event or thing whatsoever, from the beginning of the world up to and including the date of execution of this Settlement Agreement and Release, except as to enforcement of this Settlement Agreement and Release.

9. **Successors and Assigns**. The terms of this Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each party hereto, and any third party taking by, through or under any party hereto.

10. **Voluntary Agreement**. Plaintiff acknowledges that he has been represented in the Action and throughout all of the negotiations preceding the execution of this Settlement Agreement and Release by independent legal counsel of his own choice, namely, Beldock, Levine & Hoffman, LLP; that Plaintiff has consulted with counsel before signing this Settlement Agreement and Release; that he has had the opportunity to have the terms of this Settlement Agreement and Release explained to him by his counsel, who has answered to Plaintiff's satisfaction any questions he has asked concerning the meaning of any of the terms of this Settlement Agreement and Release; that Plaintiff has carefully read this Settlement Agreement and Release in its entirety ; that Plaintiff understands the terms of this Settlement Agreement and Release; that Plaintiff voluntarily assents to all terms, conditions, and

7

obligations contained herein; and that Plaintiff is signing this Settlement Agreement and Release voluntarily and of his own free will; that Plaintiff has neither solicited nor received any tax or legal advice from Defendants or their attorneys; and that Plaintiff is responsible for his tax obligations that arise as a result of this Settlement Agreement and Release and the payments made hereunder.

11.     **No Admission of Liability.** It is understood and agreed that this Settlement Agreement and Release is entered into pursuant to a settlement which is the compromise of any disputed claims which the parties may have; that any actions or payments made by Defendants are made solely to avoid any further expense; that this Settlement Agreement and Release and the actions taken pursuant hereto are not to be construed as an admission or acknowledgment of liability or wrongdoing by the Defendants or the State of New York regarding any of the allegations made by Plaintiff in the Action, and the Defendants expressly deny any such liability.

12.     **Accrual of Interest.** Payment of the Settlement Amount shall occur as soon as possible, but no later than ninety (90) days from the date the Settlement Agreement is "So Ordered." In the event that payment of the entire Settlement Amount is not made within ninety (90) days, interest on the Settlement Amount shall accrue at the statutory rate under 28 U.S.C. § 1961, commencing on the ninety first (91) day after the Settlement Agreement is "So Ordered." This Settlement Agreement and Release shall not in any manner be construed as determinative of the issues raised in this proceeding and shall have no precedential value.

13.     **No Precedential Value.** This Settlement Agreement and Release shall have no precedential value or effect whatsoever and shall not be admissible in this or any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce the terms of this Settlement Agreement.

14.     **Entire Agreement.** This Settlement Agreement and Release constitutes the entire

agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto with respect to the subject matter of this Settlement Agreement and Release, and may not be clarified, modified, changed or amended except in writing.

15. **Governing Law.** The terms of this Agreement shall be governed by, and construed in accordance with, the laws of the State of New York. The United States District Court, Eastern District of New York, shall maintain jurisdiction concerning enforcement of the terms of this Settlement Agreement. Should any provision of this Settlement Agreement and Release require interpretation or construction, it is agreed that there shall be no presumption applied that the language of this Settlement Agreement shall be more strictly construed against one party by reason of the rule of construction that a document is to be more strictly construed against the party who prepared it,, because the parties agree that both parties, by their respective attorneys, have had the opportunity to participate in the preparation of all provisions of this Settlement Agreement and Release.

16. **Authority.** Each signatory to this Agreement hereby represents and warrants that he, she, or it: (a) has the requisite authority to enter into this Agreement on behalf the listed party as well as the other person or parties referred to herein on whose behalf the signatory purports to sign and release claims; and (b) has not previously assigned or transferred any rights or interests with respect to the matters covered by this Agreement.

17. **Severability.** If any provision of this Agreement other than the agreed upon payment pursuant to paragraph 4 shall be held by a court of competent jurisdiction to be invalid, void or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

18. **Sovereign Immunity.** This Agreement shall not be construed to constitute a

9

waiver of the sovereign immunity of the State of New York or the State University of New York.

19. **Headings.** The headings in this Agreement are for convenience of reference only and are not a material part of this Agreement.

20. **Counterparts.** This Settlement Agreement and Release may be executed in more than one counterpart, each of which shall be deemed an original, but all of which shall constitute one and the same instrument.

21. **Execution of Necessary Documents.** Plaintiff and his attorney each agree to execute any additional documents that may be necessary to effectuate this Settlement Agreement and Release.

Dated: April 10, 2011

JAMIL REHMAN, M.D.

Dated: April 2, 2011

STATE UNIVERSITY OF NEW YORK
AT STONY BROOK, STONY BROOK
UNIVERSITY HOSPITAL

By:_____
KENNETH KAUSHANSKY, M.D.

Dated: April 26, 2011

WAYNE WALTZER, M.D.

Dated: May 6, 2011

RICHARD FINE, M.D.

Dated: April 29, 2011

SHIRLEY STRUM KENNY, Ph.D.

10

| | |
|---|---|
| AGREED TO AS TO PARAGRAPH 4<br>Dated: April 15, 2011 | _____<br>Beldock Levine & Hoffman LLP<br>By:<br>Cynthia Rollings, Esq.<br>99 Park Avenue-Suite 1600<br>New York, New York 10016 |

SO ORDERED:

_____           _____
ARTHUR D. SPATT                                    Dated
U.S.D.C.

11